## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CARR and NICOLE HENSLEY, | ) | |
| | ) | 21-CV-6436 |
| Plaintiffs, | ) | |
| | ) | Honorable Charles P. Kocoras |
| v. | ) | |
| | ) | Magistrate Maria Valdez |
| VILLAGE OF STICKNEY, ILLINOIS, et al., | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

### DEFENDANTS' RULE 12(C) MOTION
### FOR PARTIAL JUDGMENT ON THE PLEADINGS

Defendants Village of Stickney, Officer William Ramski, and Officer Richard Jaczak, by

their attorneys, The Sotos Law Firm, P.C., move this Honorable Court pursuant to FED. R. CIV. P.

12(c) for partial judgment on the pleadings, and state:

### INTRODUCTION

Plaintiffs bring one count each in their Amended Complaint ("AC"): a Fourth

Amendment unlawful search and seizure claim stemming from a traffic stop on December 5,

2019. (AC, Dkt. 12.) During the stop, an illegal weapon was found on Plaintiff Carr's person, for

which he was arrested and charged, and Plaintiff Hensley's car was seized. Approximately 21

months later, the charges against Plaintiff Carr were dismissed *nolle prosequi*, after which

Plaintiffs filed suit. Defendants move for partial judgment on the pleadings, pursuant to FED. R.

CIV. P. 12(c), to limit the time period for which Plaintiffs may seek damages.

### STATEMENT OF FACTS[1]

On December 5, 2019, at approximately 1:45 a.m., Plaintiff Michael Carr was a

passenger in a vehicle driven and owned by Plaintiff Nicole Hensley. (AC, Dkt. 12, ¶¶ 9-10.)

---

[1] For the purposes of this motion, Defendants accept as true the allegations pled in the AC.

Defendant Officers stopped the vehicle by falsely claiming, according to Plaintiffs, that "the vehicle had illegally tinted windows". (*Id., ¶* 12.) Defendant Officers approached the vehicle and requested identification and insurance, which Plaintiffs provided. (*Id., ¶¶* 13-14.) After returning to their vehicle and confirming the identifications were valid and no warrants were outstanding, Defendant Officers returned to Hensley's vehicle and requested consent to search the vehicle. (*Id., ¶¶* 15-17.) Hensley denied consent, after which both Plaintiffs were "required to exit the vehicle" and both were "searched[.]" (*Id.*, *¶¶* 17-21.) During the search of Carr, an illegal weapon was found on his person, for which he was arrested. (*Id.*, *¶¶* 21, 24.) Hensley was not arrested, but her car was searched and, although no contraband was found, the vehicle was seized. (*Id.*, *¶¶* 23-24.) Illegal narcotics were found on Carr's person during a later search. (*Id.*, *¶* 21.) Charges were brought against Carr, and he spent several months in custody, but on September 2, 2021, the State of Illinois dismissed his case *nolle prosequi*. (*Id.*, *¶¶* 27-28.)

In Count I of the AC, Plaintiff Carr alleges he was illegally detained and searched without probable cause in violation of the Fourth Amendment. (*Id.*, *¶¶* 30-31.) Count I does not advance a claim for false arrest or malicious prosecution, but it does incorporate the AC's factual allegation that "[a]s a result of the illegal search, Michael was arrested and prosecuted[.]" (*Id.*, *¶¶* 27, 29.)[2] In Count II, Plaintiff Hensley alleges she was illegally detained, searched, and that her vehicle was illegally searched and seized in violation of the Fourth Amendment. (*Id.*, *¶¶* 34-36.)

## LEGAL STANDARD

The Court applies the same standards for Rule 12(c) motions that are applied when reviewing motions to dismiss under Rule 12(b)(6). *See Adams v. City of Indianapolis*, 742 F.3d 720, 727-728 (7th Cir. 2014). Thus, judgment on the pleadings is appropriate "if the

---

[2] Count I, which is brought only by Plaintiff Carr, also alleges that Plaintiff Hensley's car was illegally searched, but we do not understand Carr to be advancing a claim for damages based on the search of Hensley's vehicle.

complaint…fails to state a claim upon which relief may be granted." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015). "[I]n evaluating a motion for judgment on the pleadings, the Court may consider "the complaint, the answer, and any written instruments attached as exhibits." *Pittsfield Dev., LLC v. Chicago*, No. 17 Civ. 1951, 2019 WL 13170616, at *1, (N.D. Ill. Aug. 28, 2019) (Kocoras, J.) (*quoting N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)).

## LEGAL ARGUMENT

### I.      Defendants had Probable Cause to Arrest Plaintiff Carr.

To succeed on a § 1983 unlawful search and seizure claim based upon an arrest, Plaintiffs must show that the arrest was unsupported by probable cause. "The existence of probable cause is an absolute bar" to § 1983 claims for unlawful search and seizure. *Patrick v. Fuelling*, 2021 WL 843426, at *3 (N.D. Ill. Mar. 5, 2021) (citing *Muhammad v. Pearson*, 900 F.3d 898 (7th Cir. 2018)). Probable cause exists "when the totality of the facts and circumstances within [the officers'] knowledge at the time of the arrest would warrant a reasonable person in believing the [arrestee] has committed a crime." *Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015).

Defendants acknowledge that the AC sufficiently alleges the absence of probable cause for the stop of the vehicle, as well as the initial searches of both Plaintiffs, and do not seek dismissal of those claims. But Plaintiff Carr further pleads that he was arrested and prosecuted after "a weapon was found" on him during that search and that "narcotics were also located during a later search[.]" (Dkt. 12, at ¶ 21.) The discovery of an illegal weapon establishes sufficient probable cause to arrest, as does the subsequent discovery of illegal narcotics, because these items would support a reasonable person's belief that a crime has been committed. *See Swanigan v. Trotter*, 2011 WL 658156, at *3 (N.D. Ill. Feb. 14, 2011) (regardless of whether

3

probable cause for a traffic violation existed, the discovery of an illegal weapon during the stop

provided probable cause to arrest) (citing *Williams v. Carroll,* 2010 WL 5463362 at *6 (Dec. 29,

2010) ("[P]robable cause to arrest can be based on evidence uncovered in the course of what

otherwise might be an illegal stop or search."); *see also United States v. Cochran*, 309 F. App'x

2, 6 (7th Cir. 2009) (regardless of probable cause for alleged traffic violations, possession of

illegal drugs provided probable cause to arrest). Accordingly, Defendants had probable cause to

arrest Carr when the weapon was discovered, which serves as an absolute bar to any § 1983

claims for false arrest and/or malicious prosecution. *See Mustafa v. Chicago*, 442 F.3d 544, 547

(7th Cir. 2006) (§1983 false arrest); *Reynolds v. Menard*, *Inc.,* 365 Ill.App.3d 812 (1st Dist.

2006) (malicious prosecution).

**II.     The Exclusionary Rule Does Not Apply to § 1983 Search and Seizure Claims.**

Any contention that probable cause for Plaintiff Carr's arrest or the initiation of criminal

charges was lacking because the discovery of the weapon and narcotics reflected the fruits of an

illegal search would lack merit. Unlike in criminal proceedings, "the exclusionary rule does not

apply in a civil suit under § 1983 against police officers." *Torres v. Chicago*, 2021 WL 392703,

at *10 (N.D. Ill. Feb. 4, 2021). Where "evidence providing probable cause [is] the fruit of a

warrantless entry and search without Plaintiff's consent," that probable cause nevertheless

"insulates Defendants from liability" in a § 1983 action for unlawful search and seizure. *Id.*; *see,*

*e.g., Martin v. Marinez*, 934 F.3d 594, 599 (7th Cir. 2019) ("the fact that the evidence was the

fruit of an illegal detention does not make it any less relevant to establishing probable cause for

the arrest because the exclusionary rule does not apply in a civil suit under § 1983 against police

officers"); *Vaughn v. Chapman*, 662 F. App'x 464, 467 (7th Cir. 2016) ("Although [the plaintiff]

alleges that this evidence was the fruit of an illegal search of the car, this would not undermine

its relevance to the question of probable cause."); *McWilliams v. Chicago*, 451 F. Supp. 3d 867, 878-879 (N.D. Ill. 2020) ("regardless of whether the defendant officers had probable cause to search plaintiff in the first place, once they discovered the brass knuckles, they had probable cause to arrest plaintiff, which dooms his § 1983 claim"); *Hicks v. Cook Cty. Sheriff's Office*, 2020 WL 1322844, at *9 (N.D. Ill. Mar. 19, 2020) (even if no probable cause existed to initiate the traffic stop, probable cause to arrest surfaced when plaintiff said he did not have a valid driver's license).

Here, the discovery of the illegal weapon on Plaintiff Carr's person during the course of the traffic stop clearly established probable cause for his arrest and continuing seizure. Moreover, the undisputed discovery of illegal narcotics during a later search further supported the presence of probable cause for Plaintiff's detention and subsequent charges. The State's *nolle prosequi* of the charges makes no difference given Plaintiff Carr's judicial admission[3] in the AC that a weapon and narcotics were found on his person when he was searched. (Dkt. 12, ¶ 21.) Accordingly, probable cause was present as a matter of law.

**III.    Damages are Foreclosed from the Moment the Illegal Weapon is Discovered.**

To the extent Plaintiffs respond that the AC does not allege a claim for either false arrest or malicious prosecution, there is still the matter of permissible damages for their illegal search and seizure claims. Those claims must be cut off at the time the weapon was found on Carr because it is well established that even where contraband discovered during a search is later determined to be the fruit of the poisonous tree during the ensuing criminal case, a § 1983 plaintiff can only recover damages for the period of time that *precedes* her arrest pursuant to probable cause. *See, e.g., Torres*, 2021 WL 392703, at *10 ("This claim may proceed only to the

---

[3] "Allegations in a complaint are binding admissions[.]" *MorEquity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 894 (N.D. Ill. 2000) (*quoting Jackson v. Marion Cty.*, 66 F.3d 151, 153 (7th Cir.1995)).

extent that Plaintiff seeks damages (which may be nominal) for the period that he was in handcuffs before Defendants discovered evidence supporting his arrest."); *see also Martin,* 934 F.3d at 605-606 ("damages award was thus properly limited to the harm arising from his unconstitutional detention before his lawful arrest.").

*Martin* is on all fours. There, plaintiff was stopped for a purported traffic violation. *Id. at* 596. Officers asked for plaintiff's driver's license, which he did not have with him, so they asked him to exit the vehicle and then handcuffed him. *Id.* The officers then searched the vehicle and discovered an illegal weapon and drugs. *Id.* Plaintiff was charged and incarcerated for both, but the State later dismissed the charges *nolle prosequi* after plaintiff's motion to suppress the evidence was granted. *Id.* at 597. Plaintiff then brought an action pursuant to § 1983 for unlawful search and seizure, and defendants moved for partial summary judgment on the issue of damages. *Id*. The court granted the motion limiting the scope of damages, holding that plaintiff could only recover damages from the time of the traffic stop until the discovery of the weapon/drugs. *Id*. A jury awarded plaintiff nominal damages for that time period only, and he appealed. The Seventh Circuit affirmed, holding:

> Allowing [plaintiff] to recover damages for his subsequent imprisonment, set in motion by an arrest supported by probable cause, would amount to precisely the sort of mismatch between the violation and the damages that [other Circuit Courts' reasoning] sought to avoid. We do not go so far as to hold that post-arrest damages may never be recovered, only that here such damages would be inconsistent with the rule in *Carey* [*v. Piphus*, 435 U.S. 247, 258 (1977)] that damages should be tailored to protect the right in question[.] Here, the right in question is [plaintiff's] Fourth Amendment right not to be stopped by officers without reasonable suspicion. That right was vindicated by the nominal damages the jury awarded [him at trial].

*Id.* at 605.

6

Here, Plaintiffs find themselves in the same position as the plaintiff in *Martin*: it is undisputed that an illegal weapon (and later, illegal narcotics) was found on Carr's person on December 5, 2019. (Answer to AC, Dkt. 13, ¶ 21.) The initial discovery of the weapon during the traffic stop provided probable cause for Carr's arrest, which foreclosed the recovery of damages for any continuing seizure, or any other damages claimed thereafter.

Additionally, the discovery of the illegal weapon on Carr also forecloses Hensley's claim for damages based on the seizure of her vehicle after that discovery. *See United States v. Pace*, 898 F.2d 1218, 1241, 1244 (7th Cir. 1990) (police may seize vehicle without a warrant pursuant to forfeiture statutes); VILLAGE OF STICKNEY, ILL. ORDINANCES[4], No. 2018-43, Art. 2, § 14-196(d)[5] (Vehicle may be seized or impounded where there is an "[a]rrest for any felony offense pursuant to the Illinois Compiled Statues"); *id.* at Sec. §14-196(f) (Vehicle may be seized or impounded where an "occupant" of "[a]ny vehicle being operated…[is] in the commission of…a crime constituting…any felony.").[6]

To the extent Plaintiff Hensley questions the constitutionality of the aforementioned Village of Stickney ordinances, Defendants are entitled to quality immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting

---

[4] City ordinances are "matters of public record" of which a court can take judicial notice. *Demos v. City of Indianapolis*, 302 F.3d 698, 706 (7th Cir. 2002) (quoting *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977)).

[5] Accessible at: https://www.villageofstickney.com/government/ordinances/2018-(1)/ordinance-2018-43-vehicle-towing-and-impoundment-f

[6] *See* Exhibit A, Indictment Return Sheet, filed January 2, 2020 with the Circuit Court of Cook County, District Five (True bill against Plaintiff Carr for 4 felony counts). "Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017).

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). This translates to a two-part test: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow,* 457 U.S. at 818). "The enactment of a law forecloses speculation by enforcement officers concerning its constitutionality—with the possible exception of a law so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws." *Michigan v. DeFillippo*, 443 U.S. 31, 38 (1979). The Seventh Circuit has applied the *DeFillippo* holding in the qualified immunity context. *See Doe v. Heck*, 327 F.3d 492, 515-16 (7th Cir. 2003) (holding that although a child welfare statute was unconstitutional, the caseworkers were entitled to qualified immunity from the Fourth Amendment violation because they acted pursuant to a lawful statute and the statute was not "so patently unconstitutional as to deny the defendants qualified immunity"). Here, an ordinance permitting the seizure of the vehicle that carried Plaintiff Carr—who had both an illegal weapon and illegal narcotics on his person (felonies in Illinois)—is not grossly unconstitutional. On the contrary, Defendants actions' were taken pursuant to a reasonable, lawful ordinance, and Defendants were unable to locate case law striking down these ordinances. Thus, qualified immunity is appropriate.

Against that backdrop, the only time period for which Plaintiffs may recover damages under § 1983 for their respective unlawful search and seizure claims is for the time period beginning with the stop of the vehicle and ending with the moment the weapon was found on Plaintiff Carr's person.

**CONCLUSION**

For the foregoing reasons, Defendants Village of Stickney, Officer William Ramski, and

Officer Richard Jaczak respectfully request judgment in their favor on Plaintiffs' Complaint with

prejudice, costs, and for such other relief this Honorable Court deems fair and just.

Date: August 4, 2022                              Respectfully submitted,


                                                  /s/ Samantha J. Pallini
                                                  SAMANTHA J. PALLINI, Atty. No. 6322803
                                                  *One of the Attorneys for Defendants*

James G. Sotos
John J. Timbo
Samantha J. Pallini
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, IL 60604
(630) 735-3300
spallini@jsotoslaw.com

9

## CERTIFICATE OF SERVICE

I, Samantha J. Pallini, certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that I electronically filed the foregoing **Defendants' Rule 12(c) Motion for Partial Judgment on the Pleadings** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record on the below Service List on **Thursday, August 4, 2022**.

**_Attorneys for Plaintiffs:_**
Steven A. Greenberg
Greenberg Trial Lawyers
53 West Jackson Boulevard
Suite 1260
Chicago, Illinois 60604
(312) 879-9500
steve@greenbergcd.com

/s/ Samantha J. Pallini
SAMANTHA J. PALLINI, Atty. No. 6322803
*One of the Attorneys for Defendants*